NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAVIN HOTELS & INVESTMENTS, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 11-cv-2503 (WJM) <br><br> REPORT AND RECOMMENDATION |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion to strike the Answer of Defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy and to enter default judgment. [CM/ECF No. 13.] No opposition has been submitted. This recommendation is made on the papers submitted. Fed. R. Civ. P. 78(b). For the reasons that follow, it is respectfully recommended that Plaintiff's motion to strike be granted and **default judgment** be entered.

BACKGROUND

Plaintiff, Travelodge Hotels, Inc. ("Plaintiff"), commenced this action on May 2, 2011, against Ravin Hotels & Investments, LLC, Girdhari Sankar and Jeyaselvan Kanagasabapathy. The Complaint alleges that all defendants violated the terms of their License Agreement with Plaintiff. (Compl. ¶¶ 9-13.)

Girdhari Sankar and Jeyaselvan Kanagasabapathy (herein "Defendants"), filed an Answer

on June 24, 2011.  (See CM/ECF No. 6.)  No answer was ever filed by the corporate defendant, and on October 7, 2011, the Honorable William J. Martini, U.S.D.J. entered a default judgment against Ravins Hotels & Investments, LLC for failure to plead or otherwise defend in this action. (See Order and Judgment; CM/ECF No. 9.)

On February 7, 2012, Plaintiff served discovery requests on the remaining Defendants, including Interrogatories and Requests for Admission.  Defendants never responded.  (See Certification of Bryan P. Couch, Esq. ("Couch Cert.") ¶ 2; CM/ECF No. 13.)

Thereafter, by an Order dated February 16, 2012, a status/settlement conference was scheduled for March 15, 2012, in part to address the total failure of Defendants to answer discovery or participate in the case.  (See CM/ECF No. 11.)  Defendants were notified that failure to attend in person could subject them to sanctions, including the possibility of striking their pleadings and entering default judgment. Despite express notice that sanctions could be imposed, Defendants failed to appear.

Following Defendants' failure to appear at the in-person conference, Plaintiff filed the present motion to strike Defendants' answer and to enter default judgment (See CM/ECF No. 13.)  Defendants have not opposed this motion.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. See Fed. R. Civ. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. Id.  The Court uses its sound discretion in deciding what sanctions to impose. See Bowers v. Nat'l Coll. Athletic Assoc., 475 F.3d 524, 538 (3d Cir. 2007) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639

(1976) (per curiam)).

In Poulis v. State Farm & Casualty Co., the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. Although this Court is generally required to engage in a full analysis of the Poulis factors, in cases where a party willfully abandons his case, or makes adjudication of a matter impossible, Poulis balancing is unnecessary. See, e.g., Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (party abandons her case); Seberell ex rel. Seberell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) (party's conduct makes adjudication impossible). It appears that Defendants have virtually abandoned their case here.  Nevertheless, in an abundance of caution, this Court will apply the Poulis test to this case.

The Poulis factors are:

(1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under Poulis, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). See Iseley v. Bitner, 216 Fed. App'x 252, 254-55 (3d Cir. 2007) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

**1. Defendants' Personal Responsibility**.  Defendants are responsible for their failure to

participate in this case.  They have failed to maintain communication with Plaintiff and with the Court, despite efforts to contact them.  As pro se litigants, Defendants are personally responsible for their conduct.  See, e.g., Rieder v. Gannon University, No. 12-1276, 2012 WL 1609171, at *1 (3d Cir. May 9, 2012) (pro se litigant was personally responsible for failure to appear).  In this case, Defendants have failed to appear at the court ordered conference and have not responded to discovery requests. They have also failed to oppose this motion or to remain in contact with the Court.

    **2. Prejudice to Plaintiff**.  Defendants' inaction and failure to defend has resulted in prejudice to Plaintiff.   The case has been pending for over a year.  Defendants never responded to Plaintiff's discovery requests.  In contrast, Plaintiff has expended time and resources by traveling to and appearing in Court, and by attempting to secure Defendants' compliance with the aforementioned discovery requests.  Plaintiff cannot adequately proceed in this matter without discovery.

    **3. History of Dilatoriness**. Defendants have exhibited a history of dilatoriness and non-compliance. Despite repeated opportunities to do so, Defendants have not provided discovery or participated in the court-ordered conference.  Defendants' repeated failure to participate in this case constitutes a history of dilatoriness. See, e.g., Briscoe, 538 F.3d at 260 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as a consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").

    **4. Willfulness or Bad Faith**. The Court cannot conclude that Defendants have proceeded in bad faith.  However, Defendants' failure to appear at the scheduled conference in violation of a court order must be construed as willful.  Additionally, Defendants have failed to oppose the

present motion. These circumstances suggest that Defendants have abandoned this case.

   **5. Effectiveness of Alternative Sanctions**.  Defendants' history of non-responsive behavior suggests that alternative sanctions would be futile.  Despite numerous chances, Defendants have failed to participate in or otherwise defend in this matter.  The Court is satisfied that no lesser sanction would be effective.

   **6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim.

   In sum, Defendants' failure to proceed with the case exhibits an intent to abandon, and their conduct has made adjudication of this case impossible. See Mindek, 964 F.2d at 1373 ("[J]udges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice."). Consideration of the Poulis factors strongly weighs in favor of striking Defendants' pleadings and entering default judgment.

## CONCLUSION

   For the above stated reasons, it is respectfully recommended that the Court grant Plaintiff's motion to strike Defendants' Answer and to enter default judgment against Defendants.

             s/Mark Falk
             **MARK FALK**
             **United States Magistrate Judge**

**Dated: July 20, 2012**